[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Plaintiff's petition for declaratory judgment avers he was injured October 7, 1988 by an uninsured motorist while he was operating a motor vehicle owned by Lumb Leasing Company and leased to his employer, Haricomp, Inc. Averring serious injury, he made demand for uninsured benefits on defendants Centennial Insurance Company, insurer of a fleet of eleven vehicles among which was the one then operated by plaintiff. He further avers each vehicle carried $50,000 uninsured motorist coverage, separate premiums having been paid for that coverage for each fleet car. He sought to stack that coverage and Centennial denied his request. He further avers his personally owned automobile had uninsured motorist coverage with defendant Amica Mutual Insurance Company in the amount of $500,000. He sought excess coverage from Amica and his request was denied. Further averring the existence of an actual controversy among the parties as to which insurance policy, or both, insured the plaintiff, he prays for an order directing one or both of the defendants to provide him uninsured motorist coverage.
Defendant Centennial's answer admits $50,000 uninsured motorist coverage, payment of separate premiums for each of the fleet vehicles and denies other material averments of the complaint. Amica's answer avers Centennial's coverage is primary, and its is secondary. Further answering, Amica avers plaintiff must exhaust Centennial's $50,000 coverage multiplied by the number of separate premiums paid for the other fleet vehicles, this under the mandate of R.I.G.L. 1956 § 27-7-2.1 as amended. Amica also cross-claimed against Centennial averring the $50,000 coverage should be stacked, and that its coverage be declared excess of Centennial's Centennial answered the cross-claim admitting its $50,000 coverage for separate premium payment for each vehicle in the fleet, and denied other material averments.
Each carrier moved for summary judgment, Amica against plaintiff and co-defendant Centennial, and Centennial against co-defendant Amica on the latter's cross-claim.
Before the Court are the parties' agreed statement of facts, nineteen in number, memoranda of each of the parties and reply memoranda of each defendant.
The Court addresses the basic question of stacking the coverage on each of the Centennial insured vehicles. It is agreed that the leased vehicle operated by plaintiff, was, under policy terms, an auto owned by Haricomp. (Centennial agrees that it is the primary insurer to a limit of $50,000.) Both carriers cite several Rhode Island cases, and a legion of cases from other jurisdictions having to do with stacking. Amica argues that the statutory language relied on is plain, unambiguous, and gives plaintiff the right to stack. His employer, "an insured" paid "two or more separate premiums for uninsured motorist coverage in a single policy of insurance," and further there is no basis under the statute for distinguishing between a personal automobile policy covering more than one vehicle and a commercial fleet policy covering eleven or more.
Centennial argues the statute, read together with the terms of its policies, does not permit stacking. Plaintiff did not pay the premiums, was not a specifically designated named insured, and was merely the occupant of a single insured vehicle. It citesMurphy v. Millbank Mutual Insurance Company, 388 N.W.2d 732
(Minn. 1986), where the injured person was the driver of a vehicle which was part of a fleet of 2,000. The right to stack was denied.
In Taft v. Cerwonka and Allstate Insurance Company,433 A.2d 215 at 219 (R.I. 1981), the Court said:
 "We are careful to limit our holding on this issue to cases factually similar to the one at bar, for we foresee and rue the day when our reasoning may be twisted to achieve an absurd result. For example, what is the result to be if a plaintiff was injured while riding in an automobile which was insured as only one of a fleet of cars? We defer decision on this and related issues until a case with the appropriate factual setting presents itself for review."
 Murphy, supra, illustrates, as does the case before the Court, the "absurd result" foreseen by the Court in Taft, supra.
The "appropriate factual setting" is now on its way to the Supreme Court, some twelve years after its anticipated arrival, because the Court here holds Centennial is primarily liable to the plaintiff in the amount of $50,000, and Amica's coverage is secondary. Amica's prayer that plaintiff must exhaust Centennial's coverage, as stacked, is denied.
Amica's cross-claim v. Centennial, for stacking, is denied.
Counsel will present a form of judgment for entry.